UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES GARDNER,<br>      Plaintiff, | )<br>)<br>) | |
| vs. | ) | 1:09-cv-0712-LJM-JMS |
| | ) | |
| FEDERATED MUTUAL INSURANCE<br>COMPANY,<br>      Defendant. | )<br>)<br>)<br>) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on defendant's, Federated Mutual Insurance Company ("Federated"), Motion for Summary Judgment on plaintiff's, Charles Gardner ("Gardner"), claim that Federated breached Gardner's disability insurance policy (the "Policy") by denying his claim for disability payments.  Dkt. No. 49; Fed. R. Civ. P. 56.  After examining the briefs and designated evidence, the Court concludes that oral argument is unnecessary.  Therefore, Gardner's Motion for Oral Argument (Dkt. No. 54) is **DENIED**.

Gardner is the co-owner, along with his brother Brian Brady ("Brady"), of Jewelers Boutique, Inc. (the "Jewelers Boutique").  Gardner Aff. ¶ 2; Brady Aff. ¶ 2.  In addition, as a jeweler, Gardner was and perhaps still is an employee of the Jeweler's Boutique.  Gardner Aff. ¶ 4.  In April 2008, Gardner submitted a proof of claim to Federated in which he stated that he did not work after January 28, 2008, due to cervical spondylosis, disc displacement, and chronic neck pain.  Gardner Dep. Ex. 4; Pl.'s Ex. 4.  Ultimately, Federated denied Gardner's claim.  Def.'s Ex. 8.

The Policy provision, which both parties agree governs Gardner's claim, provides in relevant part:

**Total Disability**

You will be considered totally disabled if because of sickness or injury:

a) You are under the care of a physician; and

b) You are unable to perform the substantial and material duties of your regular occupation; and

c) You are not engaged in any other occupation for wage or profit.

Johnson Aff. Ex. A at 11.

Federated argues that its denial of Gardner's claim was proper because, at the time of his claim, Gardner was still engaged in an occupation for wage or profit. It is not disputed that, at the time of his claim, Gardner still received payments from the Jewelers Boutique. Gardner Aff. at ¶ 5; Pl.'s Ex. 5. However, Gardner and Brady affirm that Gardner was no longer engaged in an "occupation" as a jeweler, but rather the payments were made out of Brady's generosity so that Gardner could afford food, medication, and other basic necessities while his claim for disability payments was pending with Federated. Gardner Aff. at 5; Brady Aff. at ¶¶ 4, 7.

Federated has not designated any evidence that conclusively establishes that the payments at issue were, in fact, rendered to Gardner in exchange for performing the duties of his "occupation." Gardner's treatment of these payments as "Wages, salaries, tips, etc." for federal income tax purposes is certainly evidence that tends to favor Federated's position on this issue. *See* Gardner Dep. Ex. 1 (Gardner's 2008 Income Tax Return). However, the Court concludes that Gardner has raised an issue of fact with regard to whether he was "not engaged in any . . . occupation for wage or profit." Johnson Aff. Ex. A. at 11; Fed. R. Civ. P. 56. Accordingly, defendant's, Federated Mutual Insurance

Company, Motion for Summary Judgment is **DENIED**.  In addition, Federated's Motion to Strike Response (Dkt. No. 55) is **DENIED AS MOOT**.

IT IS SO ORDERED this 5th day of May, 2010.

                                                LARRY J. McKINNEY, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distribution to:

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Donald G. Orzeske
GOODIN ORZESKE & BLACKWELL, P.C
dorzeske@goblaw.com

Stephanie Michelle Payne
GOODIN ORZESKE & BLACKWELL, P.C
spayne@goblaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com