UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES GARDNER, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs.* | ) | 1:09-cv-00712-LJM-JMS |
| | ) | |
| FEDERATED MUTUAL INSURANCE COMPANY, | ) | |
|    *Defendant.* | ) | |
| | ) | |

**ORDER**

Presently before the Court is Defendant's Motion to Strike and Alternative Motion to Quash (the "Motion to Strike"). [Dkt. 97.]

At the last status conference, the parties requested the Court's guidance concerning the extent to which Defendant's independent medical examiner would have to reveal his personal financial information in his deposition so that Plaintiff could explore potential bias. The Court directed them to a decision in another case, where the Court essentially limited the discovery to revealing the percentage of the expert's practice devoted to testifying on behalf of a particular side in litigation. *See Charles v. Quality Carriers, Inc.*, 2010 U.S. Dist. LEXIS 8284 (S.D. Ind. 2010). To ensure that Defendant's expert was prepared at the deposition, the Court directed Plaintiff to submit any such "bias" questions in advance.

After having reviewed those proposed bias questions, Defendant now seeks an advance ruling that questions numbered one to eight are improper.[1]

The Court agrees with Defendant that Plaintiff's questions numbered one to four and seven to eight aren't reasonably calculated to lead to the discovery of admissible information, but

---

[1] Defendant agrees that Questions 9 and 10 are proper. [Dkt. 97 ¶11.]

instead seek discovery into highly inflammatory personal financial information. Accordingly, those questions are improper, for the reasons explained in *Charles*.

In contrast, questions numbered five and six are proper. They seek the raw number of independent medical examinations that the expert has performed on behalf of the Defendant and on behalf of injured individuals. It would be potentially useful at trial, and still consistent with *Charles*, for Plaintiff to learn, for example, that although only 15% of the expert's practice is devoted to performing "defense" side independent medical examinations, sixty of the last sixty-five examinations (*i.e.* 92%) have been performed for this particular Defendant. That information might suggest a special bias in favor of this Defendant, to ensure a flow of future work.

Accordingly, the Court **GRANTS** the Motion to Strike to the extent that it seeks protection from the Defendant's expert being asked questions numbered one to four and seven to eight on the list filed at docket entry 97-1. It is **DENIED** with respect to questions five to six, which are proper deposition questions and which must be answered, to the extent that the expert knows (or can estimate).[2] Because each side has partially prevailed here, each side shall bear its own fees and costs in connection with the Motion to Strike.

05/10/2010

                                                Jane Magnus-Stinson
                                                United States Magistrate Judge
                                                Southern District of Indiana

---

[2] Plaintiff here hasn't asked for the expert to produce all of his files on this topic so that a precise number can be generated. Even if Plaintiff had done so, the Court would not have ordered it as the costs (detailed in Defendant's previous motion to quash) for obtaining a precise figure outweigh any expected benefit. The information will be most probative at the extremes, in other words, if almost all or if almost none of the expert's independent medical examination were done at Defendant's request (and expense). The expert should be able to provide an estimate one way or the other.

**Distribution via ECF only:**

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Donald G. Orzeske
GOODIN ORZESKE & BLACKWELL, P.C
dorzeske@goblaw.com

Stephanie Michelle Payne
GOODIN ORZESKE & BLACKWELL, P.C
spayne@goblaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com